# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CASTANEDA GALVAN, | Case No. 1:25-cv-1766-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING |
| v. | |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in or around 1984. Petitioner has lived in the United States since 1984, establishing deep family, community, and cultural ties. (ECF No. 1 at 8.[1]) Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on August 12, 2025, while attending a scheduled U.S. Citizenship and Immigration Services ("USCIS") interview for his I-130 family petition filed by his U.S. citizen daughter. (Id. at 9.) The Department of Homeland Security ("DHS") later served Petitioner with a Notice to Appear ("NTA"), charging inadmissibility under section 212(a)(6)(A)(i) of the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Immigration and Nationality Act ("INA") for entry without inspection and listing the date and place of entry as "unknown." Since that day, Petitioner remains detained at the Golden State Annex located in McFarland, California, and his case is set for an Individual Hearing on February 26, 2025, at the Adelanto Immigration Court, to discuss his Adjustment of Status eligibility. (ECF No. 1 at 9.)

On or about October 27, 2025, Petitioner filed a bond request pursuant to 8 U.S.C. § 1226(a), seeking a custody redetermination before the immigration court. (ECF No. 1 at 9–10.) The immigration judge ("IJ") denied the bond request, relying on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), and concluding that Petitioner was instead subject to mandatory detention under 8 U.S.C. § 1225(b)(2). In late November, Petitioner filed a renewed motion for custody redetermination based on a new nationwide injunction and class certification that would allow Petitioner to receive a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 at 10.) On November 28, 2025, the IJ in the Adelanto Immigration Court issued an order denying Petitioner's renewed motion for custody redetermination. The IJ acknowledged the district court's orders in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.), but again relied on Yajure Hurtado to find that the immigration court lacks jurisdiction over the request for custody redetermination. (ECF No. 1-1 at 2.)

On December 6, 2025, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) On January 10, 2026, Respondents filed an answer. (ECF No. 10.) On January 15, 2026, Petitioner filed a traverse. (ECF No. 11.)

**II.**

**DISCUSSION**

In the petition, Petitioner raises the following claims for relief: (1) Petitioner's continued detention without a bond hearing violates substantive and procedural due process; (2) Petitioner's detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2); (3) Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is inapplicable and inconsistent with statutory text and precedent; (4) Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c); (5) the immigration judge's and the Board of Immigration Appeal's ("BIA") reliance on Matter of

Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), violates the Administrative Procedure Act ("APA"). (ECF No. 1 at 16–21.)

**A. Statutory Framework**

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens '[e]xcept as provided in [Subsection C].'"[2] Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). "[D]etention under Subsection A is discretionary" and "provides for release on bond or conditional parole." Avilez, 69 F.4th at 529. "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination," and the noncitizen "will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting 8 C.F.R. § 236.1(c)(8)).

"[A]n alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(a)(1)). "Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(a)(3)). "[A]pplicants for

---

[2] Subsection C, which is not at issue here, "provides for the detention of 'criminal aliens' and states that '[t]he Attorney General shall take into custody any alien who' is deportable or inadmissible based on a qualifying, enumerated offense." Avilez, 69 F.4th at 530 (alteration in original) (quoting 8 U.S.C. § 1226(c)).

admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." Jennings, 583 U.S. at 287. "Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens." Id.

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. Section 1225(b)(1) also applies to certain other aliens designated by the Attorney General in his discretion." Jennings, 583 U.S. at 287 (citations omitted). "Aliens covered by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). "But if a § 1225(b)(1) alien 'indicates either an intention to apply for asylum ... or a fear of persecution,' then that alien is referred for an asylum interview." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(A)(ii)). "If an immigration officer determines after that interview that the alien has a credible fear of persecution, 'the alien shall be detained for further consideration of the application for asylum.'" Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Thus, "[a]ll applicants for admission who are not processed for expedited removal [pursuant to § 1225(b)(1)] are placed in regular removal proceedings under § 1225(b)(2)(A). That process generally entails a hearing before an immigration judge pursuant to § 1229a." Innovation Law Lab v. McAleenan, 924 F.3d 503, 507 (9th Cir. 2019).

"Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)) (citing 8 C.F.R. §§ 212.5(b), 235.3 (2017)). "Such parole, however, 'shall not be regarded as an admission of the alien.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)). "Instead, when the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the

custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

### B. Applicability of 8 U.S.C. § 1225(b)

"Until [2025], the DHS has applied § 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation. This practice was codified by regulation." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *3 (N.D. Cal. Sept. 12, 2025). In its briefing in Salcedo Aceros, "the Government acknowledge[d] that 'until recently,' it considered § 1226(a) to be an available detention authority for noncitizens who might also be subject to § 1225." Id. (citation omitted).

> On July 8, 2025, the Department of Homeland Security (DHS) instituted a notice titled "Interim Guidance Regarding Detention Authority for Applicants for Admission." [Dkt. No. 5-2 at 45–46, "DHS Guidance Notice" or "DHS Policy"]. The Notice communicated DHS's choice, in coordination with the Department of Justice ("DOJ") to "revisit[ ] its legal position on detention and release authorities," determining that Section 235 of the Immigration and Nationality Act ("INA") would serve as the applicable immigration detention authority rather than Section 236 for all "applicants for admission." [*Id.*]. In other words, the change in policy requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2)(A), "applicants for admission" are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a).

Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

In Maldonado Bautista, the United States District Court for the Central District of California found that "the DHS policy is unlawful" and "the interpretation in *Yajure-Hurtado*, 29 I. & N. Dec. 216, which contradicts the Court's reasoning is no longer controlling." 2025 WL 3713987, at *12. The district court vacated the DHS Policy under the Administrative Procedure Act. Id. at *22. The court certified the "Bond Eligible Class," which is defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under

5

8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Maldonado Bautista, 2025 WL 3713987, at *32. Respondents note that the "government has appealed the *Maldonado Bautista* judgment to the Ninth Circuit, *see Maldonado Bautista v. DHS*, 9th Cir. No. 25-7958, but neither the district court nor the Ninth Circuit has issued a stay of the district court's order." (ECF No. 10 at 3.)

Petitioner asserts that he is a member of the Bond Eligible Class in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), and thus, is entitled to be bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 at 12.) Respondents acknowledge that "[o]n the face of the habeas petition, the petitioner appears to be a member of the class certified in *Maldonado Bautista v. Santacruz*, 5:25-cv-01873-SSS-BFM (C.D. Cal), 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025)[.]" (ECF No. 10 at 2.) However, Respondents argue that "the *Maldonado Bautista* court recognized that it could not extend the portions of its order declaring that the class members are detained under section 1226(a), not section 225(b)(2), . . . and are eligible for release on bond, to class members beyond the Central District of California." (ECF No. 10 at 2–3 (citing Maldonado Bautista, 2025 WL 37113987, at *29–30).)

Regarding the limits to classwide relief, Maldonado Bautista states:

> When considering class certification with the Court's reasoning as to the proper interpretation of the INA, the Court extends the same declaratory relief and vacatur granted to Petitioners to the Bond Eligible Class as a whole. This is not, however, an order by the Court to require Respondents to provide habeas relief for all class members across the nation.[3] Rather, it extends the declaration of the unlawful nature of the DHS Policy to the APA claim, which would thus require the Court to "set aside" that policy. Vacatur, then, would render the very DHS Policy upon which immigration judges ("IJs") and the Executive Office for Immigration Review have cited as grounds for its denial of bond hearings a nullity.

Maldonado Bautista, 2025 WL 3713987, at *29 & n.23 (footnote in original). Thus, in

---

[3] Although Petitioners' Application merely requests that the Court declare class members are entitled to initial custody determination and custody redetermination hearings, it appears Respondents interpret this request as a court order requiring release from detention or bond hearings. [Dkt. No. 87-1 at 3]. If that is what Petitioners seek, the Court concurs with Respondents that any classwide orders to force government compliance would run afoul of § 1252(f)(1). [Opp. to App. at 9].

"certifying the Bond Eligible Class," the Maldonado Bautista court "only extend[ed] its declaratory judgment regarding the illegality of the DHS Policy for purposes of the APA claim" and could not "order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district." Maldonado Bautista, 2025 WL 3713987, at *30.

"Respondents oppose the habeas petition . . . for the reasons set forth in *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025) (concluding that all applicants for admission are subject to mandatory detention under 8 U.S.C. § 1225(b) and are not eligible for a bond hearing), as well as cases such as *Valencia v. Chestnut*, No. 25-cv-01550, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, No. 25-cv-01519, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025)[.]" (ECF No. 10 at 3.)

"District courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been lawfully admitted but have been present in the country for years." Valencia Zapata 2025 WL 2741654, at *10 (citing Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases)). "Here in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission.'" Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *2 (E.D. Cal. Nov. 17, 2025) (collecting cases).

Regardless of whether Petitioner is entitled to habeas relief as a member of the Bond Eligible Class in Maldonado Bautista, the Court recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b) based on the reasoning in Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), and Crispin M. C. v. Noem, No. 1:25-cv-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), See Lepe, 801 F. Supp. 3d at 1112 ("The government's argument that section 1225(b)(2)(A) applies to all noncitizens present in the United States without admission is unpersuasive. The government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent

amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."). Accordingly, the Court recommends finding that Petitioner is entitled to habeas relief on this ground.[4]

## C. Administrative Procedure Act

As set forth in section II(B), *supra*, the district court in <u>Maldonado Bautista</u> vacated the DHS Policy regarding the detention authority for applicants for admission under the Administrative Procedure Act. <u>Maldonado Bautista</u>, 2025 WL 3713987, at *22. With respect to classwide relief, the <u>Maldonado Bautista</u> court stated "it extends the declaration of the unlawful nature of the DHS Policy to the APA claim, which would thus require the Court to 'set aside' that policy." <u>Id.</u> at *29.

Accordingly, the Court recommends finding that Petitioner, as a "member[] of the Bond Eligible Class [is] entitled to relief in the form of declaratory relief, which declares the DHS Policy unlawful, and grants vacatur under the APA, which sets aside the DHS Policy." <u>Maldonado Bautista</u>, 2025 WL 3713987, at *32.

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED with respect to Petitioner's statutory and APA claims.

2. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any**

---

[4] In light of this conclusion, the Court declines to address Petitioner's due process claim.

**exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge

9